UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

K. HANSOTIA & CO. INC.,
a Florida corporation,

      Plaintiff,

v.

GLOBAL MARKETING AND
DISTRIBUTION AG,
a Swiss corporation,

      Defendant.
_____/

CASE NO:
**JURY TRIAL REQUESTED**

## COMPLAINT AND DEMAND FOR INJUNCTIVE RELIEF AND JURY TRIAL

Plaintiff, K. HANSOTIA & CO. INC., a Florida corporation, by and through its undersigned attorneys, sues the Defendant, GLOBAL MARKETING AND DISTRIBUTION AG, a Swiss corporation, and states:

### PARTIES

1. Plaintiff, K. HANSOTIA & CO. INC., ("K. Hansotia") is a corporation duly organized under the laws of the State of Florida with its principal place of business at 6600 Hiatus Road, Tamarac, Florida 33321.

2. Defendant, GLOBAL MARKETING AND DISTRIBUTION AG, ("Defendant") is a corporation duly organized under the laws of Switzerland with a principal place of business at Dammstrasse 19, 6301 Zug, Switzerland.

3. By its own admission, Defendant is engaged in the business of marketing goods in competition with K. Hansotia, throughout the United States, including in this jurisdiction.

- 1 -

## JURISDICTION AND VENUE

4. This Court has subject-matter jurisdiction under the provisions of 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has supplemental jurisdiction over the related state law claims under 28 U.S.C. §1367(a).

6. This Court has personal jurisdiction over Defendant pursuant to Fla. Stat. § 48.193 in that Defendant is doing business in the State of Florida.

7. Venue is appropriate in this jurisdiction pursuant to 28 U.S.C. §§ 1391(b) and (c).

## NATURE OF ACTION

8. This is an action for trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114; unfair competition in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a); false advertising in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a); trademark dilution in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(c); trademark infringement and unfair competition in violation of the common law of the State of Florida; violation of the Florida Deceptive and Unfair Trade Practices Act, Fla Stat. § 501.204; trademark dilution in violation of Fla. Stat. § 495.151 and related causes of action, arising from the use by Defendant of the EUPHORIA word mark in violation of K. Hansotia's rights in the federally registered mark EUPHORIA arising under federal trademark law.

## BACKGROUND

9. K. Hansotia is in the business of manufacturing and distributing luxury cigars, using a family of trademarks to identify its products and services throughout the United States.

10. Specifically, the relevant trademark registered in the United States Patent and Trademark Office ("USPTO") is as follows:

| MARK | USPTO REG. NO. | GOODS | FIRST USE DATE |
|---|---|---|---|
| EUPHORIA | 3,838,910 | Cigars | February 1, 2009 |

11. The USPTO registration is currently on the Principal Trademark Register of the USPTO. The aforementioned trademark is hereafter referred to as "the EUPHORIA Mark." True and accurate records from the USPTO's TDR database reflecting the Certificate of Registration referenced above are attached as Exhibit A.

12. K. Hansotia currently sells a variety of tobacco and ancillary items in the United States, all of which are associated with the EUPHORIA Mark.

13. K. Hansotia has invested a significant amount of time and money into advertising and developing the EUPHORIA Mark over the course of many years.

14. Prior to the acts complained herein, those in the tobacco industry and the public in general, have come to recognize that the EUPHORIA Mark designate products manufactured by K. Hansotia.

15. K. Hansotia has continuously used the EUPHORIA Mark in interstate commerce since as early as February 1, 2009, in connection with manufacturing and distributing tobacco and related products.

16. Due to the consistent use of the EUPHORIA Mark, the EUPHORIA Mark has become a strong source-identifier of K. Hansotia's products.

17. As a result of the foregoing, consumers throughout the United States have come to associate the EUPHORIA Mark with both K. Hansotia and its tobacco and ancillary products.

## DEFENDANT'S ACTIONS

18. Defendant has applied for federal registration of the following mark (the "Infringing Mark"):

| MARK | SER. NO. | GOODS |
|---|---|---|
| EUFORIA | 79/151,100 | Cigarillos; cigars; matches; tobacco for roll-your-own cigarettes and tobacco pipes |

Defendant's registration application is attached hereto as Exhibit B.

19. The USPTO issued an Office Action refusing these registrations under 15 U.S.C. § 1052(d), due to likelihood of confusion with the EUPHORIA Mark (Reg. No. 3,838,910). The Office Action attached hereto as Exhibit C.

20. On April 6, 2015, Defendant instituted cancellation proceedings against the EUPHORIA mark. Defendant alleged that K. Hansotia was no longer using the EUPHORIA Mark in commerce. K. Hansotia answered denying those allegations. The Petition to Cancel and K. Hansotia's Answer are attached hereto as Exhibits D and E.

21. Prosecution of the Infringing Mark has been suspended pending the cancellation proceeding.

22. Defendant has been marketing and selling goods in the United States in competition with K. Hansotia under the Infringing Mark.

23. Upon information and belief, Defendant is knowingly and intentionally using the Infringing Mark in an effort to confuse the public into believing that K. Hansotia is manufacturing the products being marketed and sold by Defendant or is affiliated with K. Hansotia's products.

- 5 -

24. Defendant's use of the Infringing Mark in connection with its products that are similar and/or identical to those manufactured and distributed by K. Hansotia and directed to the same types of consumers, inevitably will cause confusion among the public such that the public will believe that Defendant's products are affiliated with, sponsored and/or approved by K. Hansotia.

25. Defendant began using the Infringing Mark, without K. Hansotia's permission, with full knowledge of K. Hansotia's ownership of the EUPHORIA Mark, and with the intention of trading upon the goodwill established by K. Hansotia therein.

26. Defendant continues to use the Infringing Mark without K. Hansotia's permission, and with full knowledge of K. Hansotia's ownership of the EUPHORIA Mark.

27. The Infringing Mark and the EUPHORIA Mark convey substantially the same commercial impression.

28. Defendant's use of the Infringing Mark to solicit customers is likely to cause confusion, mistake or deception as to the source or origin of Defendant's products, in that the public is likely to believe that Defendant's products are provided by, sponsored by, approved by, licensed by, affiliated with, or in some way legitimately connected with K. Hansotia, or indeed are K. Hansotia's products, all to K. Hansotia's irreparable harm, and this use infringes upon the intellectual property rights of K. Hansotia.

29. Upon information and belief, Defendant adopted the Infringing Mark in a deliberate attempt to confuse consumers and trade on the name, goodwill and reputation of K. Hansotia.

30. Accordingly, Defendant's use of the Infringing Mark constitutes a clear violation of K. Hansotia's federal trademark rights under the Lanham Act and common law rights in the EUPHORIA Mark.

31. Defendant's infringing and violative conduct was undertaken intentionally, willfully and with wanton disregard of K. Hansotia's rights.

32. By using confusingly similar marks, Defendant is subjecting the reputation and goodwill of K. Hansotia to irreparable injury and harm.

## COUNT I
### Infringement of a Federally Registered Trademark

33. K. Hansotia realleges all of the allegations set forth hereinabove.

34. This is a suit for trademark infringement and arises under the trademark laws of the United States, namely, Title 15 of the United States Code and more particularly, 15 U.S.C. §§1114-18, inclusive.

35. Defendant is using the Infringing Mark in connection with the sale, offering for sale, distribution or advertising of products in a manner likely to cause confusion or mistake, or to cause mistake or to deceive, customers as to the affiliation, connection, or association of Defendant with K. Hansotia, or as to the origin, sponsorship or approval of Defendant's products.

36. Defendant's conduct has created and will create confusion among the members of the relevant consuming public and will cause irreparable harm and monetary damages to K. Hansotia. K. Hansotia has been damaged by Defendant's infringement of its registered mark. Unless this Court restrains Defendant from further infringing conduct, K. Hansotia will continue to suffer irreparable harm, for which it has no adequate remedy at law.

37. Defendant's unauthorized use, advertising, marketing, and sale of products using the Infringing Mark, as alleged herein, is likely to deceive, mislead, and confuse the relevant public. Defendant's actions constitute trademark infringement in violation of Section 32(a) of the Lanham Act, 15 U.S.C. § 1114.

38. K. Hansotia has been damaged by Defendant's use of the Infringing Mark due to the confusing similarity with the EUPHORIA Mark.

## COUNT II
### False Designation of Origin Under § 43(a) of the Lanham Act

39. K. Hansotia realleges all of the allegations set forth hereinabove.

40. The EUPHORIA Mark has become uniquely associated with and now identifies K. Hansotia's products throughout Florida and the nation.

41. K. Hansotia owns federal and common law trademark rights in the EUPHORIA Mark.

42. By the acts complained herein, Defendant intentionally engaged in conduct that constitutes false designation of origin in violation of 15 U.S.C. § 1125(a).

43. Defendant, in connection with the sale of products bearing the Infringing Mark, which is confusingly similar to the EUPHORIA Mark, has intentionally held itself out to be affiliated with K. Hansotia.

44. Defendant's use of the Infringing Mark in interstate commerce is a willful attempt to trade upon K. Hansotia's reputation and business goodwill and constitutes a false designation of origin and/or false or misleading description of fact. All of this is likely to lead the public into believing that this is some affiliation, connection or association between Defendant and K. Hansotia when, in fact, no such affiliation or connection exists.

45. K. Hansotia has been damaged by Defendant's improper actions, as set forth above, and will continue to be damaged by such actions unless they are so restrained.

## COUNT III
### Florida Deceptive and Unfair Trade Practices

46. K. Hansotia realleges all of the allegations set forth hereinabove.

47. This Count arises under § 501.204, Florida Statutes (Consumer Protection; Deceptive and Unfair Trade Practices).

48. Defendant, without the consent of K. Hansotia, and after the EUPHORIA Mark acquired fame, have adopted the EUPHORIA Mark without K. Hansotia's permission.

49. Defendant's improper actions, as set forth above, are an intentional attempt to trade upon K. Hansotia's reputation and business good-will and have caused or are likely to cause dilution of the distinctive quality of the Mark.

50. Defendant has engaged in deceptive acts and/or fraudulent conduct contrary to honest practices in industrial and commercial matters. Defendant's conduct was immoral, unethical, oppressive, or unscrupulous, and/or substantially injurious to K. Hansotia.

51. Defendant's use of the Marks is a violation of § 501.204, Florida Statutes, because the use of the Infringing Marks is an unfair or deceptive trade practice in the conduct of trade or commerce.

52. By its actions, Defendant has damaged K. Hansotia and been unjustly enriched.

## COUNT IV
### Injury to Business Reputation and Dilution

53. K. Hansotia realleges all of the allegations set forth hereinabove.

54. This Count arises under § 495.151, Florida Statutes (Injury to business reputation; dilution).

55. Defendant, without the consent of K. Hansotia, and after the EUPHORIA Mark acquired fame, have adopted the EUPHORIA Mark without K. Hansotia's permission.

56. Defendant's improper actions, as set forth above, are an intentional attempt to trade upon K. Hansotia's reputation and business good-will and has caused or are likely to cause dilution of the distinctive quality of the Mark.

57. Defendant's use of the Marks is a violation of § 495.151, Florida Statutes, because the use of the Infringing Marks is creating a high likelihood of injury to the business reputation of K. Hansotia and has caused or is likely to cause dilution of the distinctive quality of the mark.

58. By its actions, Defendant has damaged K. Hansotia and been unjustly enriched.

### PRAYER AS TO ALL COUNTS

WHEREFORE, K. Hansotia demands:

a. That Defendant, its agents, servants, officers, servants, employees, licensees and affiliates, and all those persons in active concert or participation with it, be preliminarily and thereafter permanently enjoined and restrained from:

(1) Using the EUPHORIA Mark alone or in combination with other words, as a service mark, trademark, trade name, component or otherwise, to market, promote advertise or identify Defendant's products.;

(2) Otherwise infringing the EUPHORIA Mark;

(3) Holding itself out as the owner of, or a company authorized to use, as part of its name, the EUPHORIA Mark, or a name confusingly similar thereto as a trademark, service mark, or trade name;

(4) Doing any act or thing calculated or likely to cause confusion or mistake in the minds of members of the public or the trade, or prospective purchasers of

Defendant's products/services, as to the source, nature, composition, or quality of products and/or services created, developed, produced, distributed, marketed, advertised, promoted, sold, or offered for sale by Defendant;

(5) Doing any act or thing calculated or likely to deceive members of the public or trade, or prospective purchasers, into believing that there is some affiliation, sponsorship, or connection between Defendant and K. Hansotia or that Defendant's products and/or services are being created, developed, manufactured, distributed, marketed, advertised, promoted, sponsored, offered for sale, or sold by K. Hansotia or with K. Hansotia's authorization, consent, approval, or permission;

(6) Using any trade practices whatsoever, including those complained of herein, which tend to unfairly compete with or injure K. Hansotia's businesses and the goodwill attached thereto.

b.  That K. Hansotia recover its actual damages sustained as a result of Defendant's wrongful actions;

c.  That Defendant be required to account for and pay over to K. Hansotia all gains, profits, and advantages realized as a result of Defendant's wrongful actions;

d.  That K. Hansotia recover three times Defendant's profits made as a result of Defendant's wrongful actions, or three times K. Hansotia damages, whichever is greater;

e.  Pursuant to 15 U.S.C. § 1117, K. Hansotia be awarded its damages, Defendant's mark's profits, K. Hansotia's attorneys' fees and costs, and that this award of damages and profits be tripled pursuant to 15 U.S.C. § 1117.

f.  That K. Hansotia has such other and further relief as this Court may deem just and proper.

## JURY DEMAND

K. Hansotia demands a jury on all issues so triable.

Date: November 6, 2015                    Respectfully submitted,

/s/ *Debra Deardourff Faulk*
Debra Deardourff Faulk
Florida Bar No.: 634425
Stefan V. Stein
Florida Bar No.: 300527
GRAY ROBINSON, P.A.
401 East Jackson Street, Suite 2700
Post Office Box 3324
Tampa, Florida 33601-3324
Telephone: (813) 273-5000
Facsimile: (813) 273-5145
debra.faulk@gray-robinson.com
stefan.stein@gray-robinson.com

\311420\2 - # 1900424 v1